IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FELTON LAMAR GRAY, | Civil No. 04-1199-HO |
| Petitioner, | ORDER |
| v. | |
| BRIAN BELLEQUE, | |
| Defendant. | |

Before the court is the state prisoner's petition for writ of habeas corpus.

## Background

Petitioner was convicted of manslaughter and sentenced to 120 months imprisonment. The Oregon Court of Appeals affirmed the conviction without opinion, and the Oregon Supreme Court denied review. Petitioner applied for post conviction relief (PCR). After a trial, the PCR court issued written findings and conclusions and denied the application. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied

review. Petitioner voluntarily dismisses all grounds for relief alleged in his federal petition save the following, which he asserts constitute ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments:

> a. Trial counsel failed to adversarily [sic] cross-examine state's witness and to request and obtain government documents for impeachment purposes on the grounds of inconsistent statements of State's witnesses;
> * * *
> d. [Trial] counsel failed to adequately investigate the case and failed to obtain available witness for trial;
> * * *
> e. Trial counsel failed to interview the state's witness prior to trial and to request discovery of the prosecution's relative to witness testimony so defense counsel would be prepare [sic] for trial.

Pet., Attachment A. Petitioner advanced substantially identical grounds to the PCR court. Ex. 108 at 3.

### Discussion

I. <u>Rule 2 Governing Section 2254 Cases</u>

Respondent first argues that petitioner fails to plead alleged grounds with the specificity required by Rule 2 of the rules governing Section 2254 petitions. The rule does not indicate a required degree of specificity. The court will not dismiss the petition for this reason.

II. <u>Failure to Exhaust/Procedural Default</u>

Respondent next contends that petitioner raises unexhausted factual claims in his memorandum, including that trial counsel failed to discover 9-1-1 call records, the criminal history of

2 - ORDER

state's witness Bukari Alexander, the criminal history of defense witness Darren Guinn, and the substance of Alexander's testimony, and that counsel failed to object to the prosecutor's examination of Guinn.

Petitioner contends that "[w]hile not all of the specific instances [of ineffective assistance of counsel] argued here were set out in separate point headings in state court, they fit within his general ineffectiveness claims and all of the facts were set out in the exhibits and testimony before the post-conviction court." Pet's Memo. at 18, n. 11. Citing to Reynolds v. Lampert, 13 P.3d 1038 (Or.App. 2000) and Abbott v. Baldwin, 36 P.3d 516 (Or.App. 2001), petitioner points out that the PCR court had the entire trial record before it, and was not limited to choosing among arguments and authorities cited by counsel in the PCR trial memorandum. See Pet.'s Response to Resp.'s Reply at 10.

"[A] federal claim is not 'fairly presented' to the state courts when factual allegations significantly affecting determination of that claim are raised for the first time in federal court." Stranghoener v. Black, 720 F.2d 1005, 1007 (8th Cir. 1983) (citing to Hudson v. Rushen, 686 F.2d 826, 830 (9th Cir. 1982)). New factual allegations do not ordinarily render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts. Beaty v. Stewart, 303

3 - ORDER

F.3d 975, 989 (9th Cir. 2004) (citing to Vasquez v. Hillary, 474 U.S. 254, 260 (1986)).

Petitioner's new factual allegations constitute new discrete claims of ineffective assistance of counsel and/or fundamentally alter petitioner's claims for ineffective assistance of counsel for failure to investigate and cross examine witnesses. Furthermore, the Oregon cases cited by petitioner do not hold that Oregon's courts are obligated to troll the record for additional facts that can support a claim alleged in a PCR petition. Petitioner's theory is that trial counsel made a series of errors with cumulative impacts amounting to ineffective assistance of counsel. Pet's Memo. at 32. To properly adjudicate this claim, Oregon's courts needed to be alerted to all of the alleged errors of counsel that contributed to the alleged cumulative effect. See Beaty, 303 F.3d at 989 (claim of defense counsel's conflict of interest fundamentally altered by defendant's new version of facts supporting claim).

There seems to be no dispute that the PCR petition and trial memorandum did not address counsel's alleged failure to discover 9-1-1 call records, Alexander's criminal history, and Guinn's criminal history, and counsel's failure to object to the prosecutor's examination of Guinn. The parties dispute whether petitioner fairly presented the allegations of counsel's alleged failure to discover what Alexander would say at trial. Alexander

4 - ORDER

testified, "[petitioner] stated that if everyone - or anyone that he felt as though was tripping or was in his place out of line, he can use his firearm." (Tr. Day 1 at 111).

A portion of the PCR trial memorandum states,

> There may be an additional issue of ineffective counsel, wherein it is alleged by plaintiff that the prosecution failed to provide certain discovery to defendant, or written reports, or a statement allowed into evidence that was never provided to defendant prior to trial in violation of discovery rules and rights to a fair trial. The court apparently was prepared to grant a mistrial on this basis and defense counsel withdrew the motion. If counsel for [petitioner] finds this portion of the transcript, [petitioner] reserves the right to make this claim in addition to remaining claims.

Resp.'s Ex. 109 at 8. The memorandum identifies neither Alexander nor his statement. Petitioner referred to the statement in his written objections to the PCR court's findings. Resp's Ex. 131. It appears that the PCR court did not hear and determine the objection, so that it is deemed denied. See Or.R.Civ.P. 63(B). A claim presented for the first time in objections to proposed findings is not fairly presented. The court holds that this instance of alleged ineffective assistance of counsel is also unexhausted. To the extent the written objection was somehow sufficient to fairly present an ineffective assistance of counsel claim based upon counsel's alleged failure to discover what Alexander would say at trial, such failure does not entitle petitioner to relief, for the reasons discussed below.

5 - ORDER

Petitioner did not fairly present new factual allegations supporting his "cumulative effect" claim to the PCR court, and the time to do so has passed. To the extent this claim rests on new allegations, it is procedurally defaulted, and petitioner proves no cause or prejudice for the default. This court reviews only the merits of the allegations of ineffective assistance of counsel presented to the PCR court.

III. Merits of Exhausted Claims

Section 2254(d) limits relief to circumstances where a state court adjudication resulted in a decision that was contrary to or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. 28 U.S.C. § 2254(d). The court examines the last reasoned state court decision, which is the findings of fact and conclusions of law of the state PCR trial court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

The "unreasonable determination" clause "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record." Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004), cert. denied 125 S.Ct. 809 (Dec. 13, 2004). One type of challenge to a state court's fact-finding process is the state court's failure to

consider properly presented evidence. Id. at 1001. To render the fact-finding process unreasonable in this type of challenge, "the evidence in question must be sufficient to support petitioner's claim when considered in the context of the full record bearing on the issue presented in the habeas petition." Id. From this holding, petitioner again contends that this court is obligated to consider unexhausted instances of ineffective assistance of counsel, discussed above. Petitioner would have this court hold the PCR court's fact-finding process unreasonable for that court's failure to find facts resulting from petitioner's own failure to identify evidence or omissions to that court. As noted, this court will not consider petitioner's unexhausted allegations.

Clearly established law at the time of the PCR trial court adjudication provided that ineffective assistance of counsel is rendered when counsel provides objectively unreasonable representation resulting in a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 693 (1984). The PCR court concluded that petitioner was not denied the right to assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and as articulated by the Supreme Court in Strickland. Resp.'s Ex. 129 at 5.

Respondent argues that petitioner has abandoned grounds 1.a.

and 1.e., because petitioner addresses only ground 1.d. in his opening memorandum. Petitioner maintains that grounds 1.a. and 1.e. are subsumed within ground 1.d. Respondent's argument is moot, because petitioner addressed all grounds in his response to respondent's reply, and respondent and petitioner each filed additional memoranda. The parties have thus taken the opportunity to fully brief all three grounds, whether or not two grounds are subsumed within the third.

A.  Ground 1.d.

Petitioner cites six alleged acts or omissions in support of 1.d., four of which are the procedurally defaulted factual grounds, discussed above. The only exhausted allegations in support of this ground are counsel's alleged failure to discover and call witnesses who could have testified to the victim's reputation for violence (petitioner's primary defense to the murder charge was self-defense) and petitioner's reputation for truthfulness.

Petitioner contends that counsel was ineffective for failing to call Jeff Thomas, Kedrick May, Constance Wilhelm or Carolyn Cutright to counter what petitioner calls the "relatively weak evidence" of the prosecution regarding the victim's reputation for peacefulness.[1] The PCR trial court found that petitioner

---

[1] Four witnesses testified for the state regarding the victim's character for peacefulness. One knew the victim for ten years, one for four years, one for less than four months, and one

8 - ORDER

called witnesses who testified about the victim's aggressive nature, trial counsel did not call the specific witnesses requested by petitioner because they had not known the victim recently or had otherwise provided information harmful to petitioner's case. Resp.'s Ex. 129 at 4. The state PCR court concluded that counsel exercised professional reasonable judgment in choosing not to call witnesses who would testify about petitioner's character and additional witnesses who would testify about the victim's character, and that petitioner did not prove his claim by a preponderance of the evidence. Resp.'s Ex. 129 at 3, 5, 6.

The PCR trial court's fact-finding is consistent with defense counsel's deposition testimony (Resp.'s Ex. 124 at 12-17), and, as to potential witnesses Thomas and May, with petitioner's deposition testimony (Resp.'s Ex. 123 at 21-29). The court's fact-finding with respect to counsel's decision not to call these witnesses is therefore not unreasonable. Further, petitioner offered only his own testimony regarding what these witnesses would say. This is insufficient to prove prejudice. See Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) (speculation as to what a witness might say insufficient to prove prejudice).

Regarding witnesses who could have testified as to

---

for about a month. See Pet's Memo. at 16.

petitioner's peaceful nature, the PCR court found that trial counsel indicated he did not want to put petitioner's character into evidence because petitioner had domestic violence assault convictions, and trial counsel felt petitioner's self defense theory would be weakened. Ex. 129 at 4. Counsel's testimony does not address the fact that counsel failed to rehabilitate petitioner after petitioner opened the door by testifying to his peaceful nature. The state PCR court's findings and conclusions does not really address the decision not to call Tom and Andrea Moore. Nevertheless, the record is insufficient to prove prejudice from this failure. There are no statements from these witnesses as to what their testimony would have been. See Wildman, 261 F.3d at 839.

To the extent petitioner exhausted his claim that counsel failed to discover Alexander's burglary conviction, petitioner does not prove prejudice. Defense counsel moved for mistrial based in part on the prosecutor's alleged misconduct in failing to disclose Alexander's criminal history during discovery. (Tr. Day 2 at 15). The prosecution brought out the witness's forgery conviction on direct examination, but the witness did not disclose a prior burglary conviction, defense counsel argued. (Tr. Day 2 at 11). On cross examination, Alexander testified that he was convicted of forgery and altering a driver's license, but that his check-cashing crime did not result in a burglary

10 - ORDER

conviction. (Tr. Day 1 at 150). Out of the presence of the jury, the court had harsh words for defense counsel for impugning the prosecutor's integrity, and the court denied the second motion for mistrial and motion to strike. (Tr. Day 2 at 18).

Petitioner notes a third motion for mistrial (citing to (Tr. Day 3 at 86)), which the court does not find in the record. A later motion for mistrial withdrawn by counsel and noted by petitioner seems to have nothing to do with Alexander's criminal history. (Tr. Day 5 208-210).

Petitioner points to no evidence that Alexander was actually convicted of burglary. In any event, the jury already knew of Alexander's crime of dishonesty, and it is not reasonably probable that the outcome of the trial would have been different had the jury also known of the alleged burglary conviction.

The PCR court's fact-finding is reasonable with respect to the evidence regarding counsel's decision not to call Thomas, May, Wilhelm and Cutright, and, and the court's adjudication of this claim did not result in a decision contrary to, or that involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Petitioner does not prove prejudice from the decision not to call these witnesses and Tom and Andrea Moore, and counsel's failure, if any, to discover Alexander's burglary conviction, assuming the witness in fact had such a conviction.

11 - ORDER

B.  Ground 1.a.

Petitioner argued to the PCR court that counsel was ineffective for inadequately cross-examining state's witnesses Mosson, Moore and Ridgeway. Mosson testified for the state, Moore testified for both the state and the defense, and Ridgeway testified for the defense. The PCR court found that petitioner identified these three witnesses, the witnesses either testified contrary to what petitioner now claims, petitioner's testimony at trial contradicts his current claims, or the witnesses in mind were actually called as defense witnesses, and petitioner's claims in this regard are not credible.  Ex. 129 at 4.  The court concluded that petitioner was not denied the right to effective assistance of counsel.  Id. at 5.

Petitioner's trial counsel provided the following testimony in deposition during the PCR case: Ridgeway and Moore were defense witnesses; Moore testified at trial contrary to how petitioner characterized his testimony to the PCR court; and while detective Kelly can be forceful, and counsel may have related as much to defendant during the trial, counsel does not believe detective Kelley coerced Ridgeway into testifying, as petitioner testified counsel told him during the trial. Resp.'s Ex. 124 at 7-11.  Petitioner presented no statements from these witnesses.  Counsel testified that on balance, Ridgeway's testimony helped the defense more than it hurt.

Mosson testified on direct examination at trial that he consumed six beers and two cognacs, and defense counsel adduced on cross examination that Mosson did not witness certain events prior to the killing on account of leaving a party early due to alcohol ingestion. (Tr. Day 2 at 50, 51, 89). Moore testified on direct examination in defendant's case that he gave statements to police, and that he refused to speak with defense counsel prior to trial. (Tr. Day 4 at 101, 112). Defense counsel's examination of Moore and Ridgeway demonstrated prior knowledge of statements by these witnesses, suggesting that counsel investigated these witnesses. (Tr. Day 4 at 112-14, Day 5 at 54, 58, 75). The court notes further that petitioner appears to have all but abandoned this claim. He addresses only the defaulted portion of this claim in his papers.

To the extent this claim is exhausted and not abandoned, the PCR court's adjudication of this claim did not result in a decision that could entitle him to relief under the standards of 28 U.S.C. § 2254(d).

C. Ground 1.e.

Respondent appears to concede that the PCR court did not address this claim in its findings and conclusions. As noted, the petition does not identify the state's witness counsel allegedly failed to investigate. Neither does petitioner's PCR trial memorandum. In deposition, petitioner testified that this

13 - ORDER

claim refers to witnesses Frank Ridgeway and Tommy Moore. Resp.'s Ex. 123 at 29-32. Petitioner's counsel stated that the state did not investigate Moore, and petitioner agreed. Id. at 31-32. As noted above, ground 1.a. implicates Moore and Ridgeway, and the state PCR court's fact-finding regarding these witnesses is not unreasonable.

Bakuri Alexander testified at trial that "[petitioner] stated that if everyone - or anyone that he felt as though was tripping or was in his place out of line, he can use his firearm." (Tr. Day 1 at 111). Counsel objected to Alexander's testimony and moved for a mistrial. The trial court overruled the objections and denied the motion. (Tr. Day 1 at 114, 115, 119). Counsel also moved to strike Alexander's testimony, without success. (Tr. Day 2 at 14). As noted, counsel impeached Alexander with his conviction for crimes of dishonesty. (Tr. Day 1 at 150). Petitioner does not explain how counsel could have kept Alexander's testimony out of evidence, or what more counsel could have done to impeach the witness, had he discovered before trial what Alexander's testimony would be.

To the extent this allegation is exhausted and there are no state court rulings entitled to deference, the court finds that petitioner has not proved prejudice from counsel's alleged failure to discover what Alexander would say at trial, even when considered in combination with the additional exhausted

14 - ORDER

allegations of ineffective assistance of counsel alleged by petitioner.

## Conclusion

Based on the foregoing, the petition for writ of habeas corpus [#2] is denied.

IT IS SO ORDERED.

DATED this 8th day of December, 2005.

Michael R. Hogan
United States District Judge

15 - ORDER